IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cr-30145-DWD |
| ) | |
| CHRISTOPHER A. FREEMAN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge**:

Before the Court is Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 ("Motion"). (Doc. 46). The Government does not oppose the Motion. (Doc. 48).

The parties agree Defendant is eligible for a reduction of sentence under Part A of Amendment 821, which amended U.S.S.G. § 4A1.1(e). The parties, however, disagree as to what the appropriate reduction is.

On July 6, 2022, Defendant was sentenced as to Counts 1 and 2 of the Indictment. (Doc. 42). At sentencing, Defendant's total offense level was 27, and his criminal history category was IV, which provided for an advisory guideline range of 100 to 125 months. (Doc. 37). A sentence of 120 months (96% of the high end of the guideline range) was imposed as to Counts 1 and 2 of the Indictment, to be served concurrently. Here, under the retroactive amendment to § 4A1.1, Defendant's criminal history category is reduced from IV to III, resulting in a lower advisory guideline range of 87 to 108 months of imprisonment. (Docs. 46 & 48). In light of the lower advisory guideline range, Defendant

recommends a sentence reduction from 120 months of imprisonment to 100 months of imprisonment (approximately 92.6% of the high end of the revised guideline range). (Doc. 46). The United States, however, recommends a sentence reduction from 120 months of imprisonment to 104 months of imprisonment (approximately 96.3% of the high end of the revised guideline range). (Doc. 48).

Upon consideration of the Motion; the Government's Response, including Defendant's disciplinary record while in BOP custody, the policy statement set forth at U.S.S.G. §1B1.10, and the sentencing factors set forth in 18 U.S.C. § 3553(a), including as considered, evaluated, and applied by the undersigned at the time of the original sentence, the Court finds that the Government's proposed reduction is appropriate.[1]

Accordingly, the Court **GRANTS** the Motion (Doc. 46) and **ORDERS** as follows:

1. Defendant's sentence is reduced from 120 months of imprisonment to 104 months of imprisonment or "time served," whichever is longer.

2. To ensure that Defendant is in fact timely released, the Bureau of Prisons is directed to take all appropriate steps to complete the processing of Defendant's release plan prior to the effective date of this order.

3. If this order results in a release date ten or fewer days after the date this order is entered, this order shall be **STAYED** for a period of ten days from the docketing date of this order to ensure the defendant, the Bureau of Prisons, and the Probation Office adequate time to prepare for Defendant's reentry into society.

4. All other terms of the judgment dated July 6, 2022 (Doc. 42) are to remain unchanged.

5. The Court attaches its standard order (AO Form 247) to reflect the aforementioned sentence reduction.

---

[1] As previously noted, Defendant was originally sentenced at 96% of the high end of the original guideline range. The Government's proposed revised sentence is approximately 96.3% of the high end of the revised guideline range, while Defendant's proposed revision is significantly lower at approximately 92.6% of the high end of the revised guideline.

**SO ORDERED**. Dated:

February 13, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge
